RECEIVED
AUG 2 5 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ENTU AUTO SERV., INC. | CIVIL ACTION NO. 15-1183 |
| VERSUS | JUDGE DOHERTY |
| PICMYRIDE.BIZ, LLC, D/B/A QUICKPICAUTO, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the "Motion to Continue Defendant's Motion for Summary Judgment" [Doc. 42] filed by plaintiff ENTU Auto Services, Inc. ("ENTU"), seeking a continuance of the "Motion for Summary Judgment" [Doc. 36] filed by defendant, Timmy Hendrix, d/b/a QUICKPICAUTO ("Hendrix"). Mr. Hendrix opposes the motion [Doc. 44], and ENTU has filed a Motion for Leave to File a Reply Brief [Doc. 45], which is herein GRANTED. For the following reasons, the "Motion to Continue Defendant's Motion for Summary Judgment" [Doc. 42] is DENIED AS MOOT, and the "Motion for Summary Judgment" [Doc. 36] filed by Mr. Hendrix is DENIED AS PREMATURE.

In the pending motion to continue, ENTU argues Mr. Hendrix filed his motion for summary judgment prior to the completion of the deadline to file initial pleadings, prior to the Court's issuance of its Scheduling Order, prior to the exchange of the parties' Rule 26(f) reports, and prior to the commencement of discovery. ENTU argues discovery is necessary for it to fully respond to the pending motion for summary judgment, and that, as this case is in its early stages and no discovery has been conducted, ENTU is not in a position to fully respond to Mr. Hendrix's arguments

contained within its motion without the additional discovery. Mr. Hendrix opposes the motion on grounds the information is "readily available to all parties." However, ENTU responds that the information is only available *through discovery*.

The pending motion for summary judgment filed by Mr. Hendrix appears to be fact-intensive. Rule 56(d) of the Federal Rules of Civil Procedure states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The law is well-settled that Rule 56(d) discovery motions are broadly favored and liberally granted. *Stark v. University of Southern Mississippi*, 2013 WL 5563767 (S. D. Miss. 2013), *citing Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir.2013) (*citing Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.2010). As explained by the Fifth Circuit, the purpose of the Rule 'is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir.2009), *quoting Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir.1992).

In *Stark*, the court explained:

> Although a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course, the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material

fact." Vague assertions that discovery will reveal unspecified facts are insufficient. Instead, the party seeking a continuance is required to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." The submission of an affidavit or declaration in support of discovery by the party opposing summary judgment is preferred, but the failure to follow this technical requirement will not foreclose relief under Rule 56(d) if the party seeking a continuance submits "some equivalent statement, preferably in writing of its need for additional discovery...." The decision to grant or deny a request for a continuance to conduct discovery is committed to the sound discretion of the trial court.

2013 WL 5563767 at *3 (internal citations omitted).

In the instant case, ENTU argues Mr. Hendrix's motion is based on disputed facts. Specifically, ENTU argues it disputes the following factual issues:

- "[d]efendant's statement that [d]efendant distributed false comparison advertisement to just two automobile dealers in Louisiana;"

- "the appropriate market to be used when determining if a substantial segment of potential customers;" and

- the factual assertion "that ENTU has not lost any customers or business as a result of [d]efendant's distribution of false comparison advertisements."

ENTU argues it is entitled to discovery on these issues, and the Court agrees.

No scheduling order has been issued in this case, and there is no pending dispositive motion deadline in this matter. Consequently, there will be no prejudice to Mr. Hendrix if this Court denies his pending motion for summary judgment as premature and permits ENTU to conduct discovery. Conversely, significant prejudice could inure to ENTU were this Court to foreclose the possibility of permitting any discovery under the circumstances of this case.

Considering the foregoing,

IT IS ORDERED that the "Motion to Continue Defendant's Motion for Summary Judgment" [Doc. 42] plaintiff ENTU Auto Services, Inc. is DENIED AS MOOT.

IT IS FURTHER ORDERED that the "Motion for Summary Judgment" [Doc. 36] filed by defendant, Timmy Hendrix, d/b/a QUICKPICAUTO ("Hendrix") [Doc. 36] is DENIED AS PREMATURE. Once discovery is complete, Mr. Hendrix may re-urge his motion.

THUS DONE AND SIGNED in Lafayette, Louisiana this 25TH day of August, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE